GENOVA & MALIN
Attorneys for the Debtor
Hampton Business Center
1136 Route 9
Wappingers Falls, New York 12590
(914) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

ANN-MARIE WESTRIDGE,

                CHAPTER 13
                CASE NO. 07-35257 (CGM)

        Debtor.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION TO
PRECLUDE CLAIMANT ON THE EVIDENCE, TO STRIKE THE
CLAIMANT'S OPPOSITION AND FOR ATTORNEYS' FEES,
<u>COSTS AND DISBURSEMENTS</u>**

<u>PRELIMINARY STATEMENT</u>

**ANN-MARIE WESTRIDGE**, (the "debtor"), submit this Memorandum of Law in support of her Motion to Preclude STEVEN FORD (the "Claimant") on the Evidence, to Strike the Claimant's Objection to Confirmation and Opposition to Debtor's Motion Objecting to his Claim and for an award of Attorneys' Fees, Costs and Disbursements, dated March 22, 2002.

<u>STATEMENT OF FACTS</u>

The facts upon which the debtor relies are set forth in the Motion, of even date, which she incorporates by reference, as if set forth herein.

<u>ISSUE PRESENTED</u>

1. Should the Court strike claimant's Objection to Confirmation and Opposition

to Debtor's Motion to Expunge Claim due to claimant's unjustified failure to respond to debtor's discovery requests pursuant to Federal Rule of Civil Procedure 37 and 26?

  2. Should the Court award to the debtor attorneys' fees, costs and disbursements incurred due to the necessity of making this Motion?

## ARGUMENT

### CLAIMANT SHOULD BE PRECLUDED UPON THE EVIDENCE AND HIS OBJECTION TO CONFIRMATION AND OPPOSITION TO MOTION OBJECTING TO CLAIM BE STRICKEN WITH PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37

The debtor is entitled to the information requested. Federal Rule of Civil Procedure 26, 37; and **In re Amezaga**, 195 B.R. 221 (B.Ct. D.Puerto Rico 1996). It is clear under Federal Rule of Civil Procedure 26, that discovery is to be broadly granted. In this regard, Rule 26(b) provides:

> (b) DISCOVERY SCOPE AND LIMITS. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> (1) *In General*. Parties may obtain discovery regarding my matter, not privileged, that is relevant to the claim or defense of any party, including the existence ... the identity and location of persons having knowledge of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

It is a common axiom of law that:

> Discovery is allowed in relation to any information relevant to the subject matter of the litigation and only limited in four specific circumstances: 1) privileged matter; 2) material obtained in preparation of trial; 3) physical or mental examination can only be

ordered in specific instances; and 4) limitations by the court.....
The general limitations of relevancy require that the information
sought be relevant to the subject matter of the pending action rather
than issues in the case.  It is general accepted that the issues will
not be clearly defined at the time of discovery and that discovery
serves the important purpose of narrowing and defining issues....
While it is difficult to formulate an exact rule regarding relevancy,
the term should be construed liberally and with commonsense.
Discovery is allowed into any matter that may possible lead to
information relevant to the subject matter of the action.

**In re Amezaga, supr. at 225.**

Further not only is discovery broadly defined under Federal Rule of Civil Procedure 26(b)(1), 26(a)(1)(A) provides:

(1) *Initial Disclosures.* [A] party must, without awaiting a
discovery request, proved to other parties:

(a) the name and, if known, the address and telephone number if
each individual likely to have discoverable information that the
disclosing party may use to support its claims or defenses, unless
solely for impeachment, identifying the subjects of the information.

Federal Rule of Civil Procedures 37 states:

 (a) MOTION FOR ORDER COMPELLING
DISCLOSURE OR DISCOVERY.  A party, upon reasonable
notice to other parties and all persons affected thereby, may apply
for an order compelling disclosure or discovery as follows:

 (2) *Motion.*

 (A) If a party fails to make a
disclosure required by Rule 26(a), any other party may move to
compel disclosure and for appropriate sanctions.  The motion must
include a certification that the movant has in good faith conferred
or attempted to confer with the party not making the disclosure in
an effort to secure the disclosure without court actions.

 (B) If a deponent fails to answer a
question propounded or submitted under Rules 30 ... the

> discovering party may move for an order compelling an answer, ....
> The motion must include a certification that the movant has in
> good faith conferred or attempted to confer with the person or party
> failing to make the discovery in an effort to secure the information
> or material without court action. When taking a deposition or oral
> examination, the proponent of the questions may complete or
> adjourn the examination before applying for an order.

On December 31, 2007, the Claimant was served with Notice of Deposition, Debtor's First Request For Documents and Debtor's First Set of Interrogatories and Request For Admissions. The last day to respond to these requests was January 31, 2008. A deposition of the Claimant was noticed for February 8, 2008. Accordingly, it was imperative that the requested information be provided prior thereto so that the debtor could adequately prepare for the deposition.

On February 5, 2008, the Court conducted a Pre-Trial Conference on this matter, at which time the Court authorized the filing of the motion pursuant to the Southern District of New York Local Bankruptcy Rules. At this hearing, Claimant provided no excuse or justification for the failure to produce the requested information, nor did the Claimant request additional time to comply with the Request to Produce Documents and/or Interrogatories.

It is clear from a reading of the Rules of Procedure and the law that the Claimant has an absolute obligation to respond to the requests made by the debtor in furtherance of this litigation. Additionally, it is clear that the information requested is relevant as it may lead to information admissible at trial to aid in the debtor's prosecution of the contested matter.

As the Claimant has no valid justification for refusing to produce the discovery, the debtor has ample grounds for having an Order entered precluding Claimant on the evidence and striking Claim Objecting to Confirmation and Opposition to Motion Objecting to Claim for

his unjustified and inexcusable failure to comply with the discovery requests made by debtor, pursuant to Federal Rule of Civil Procedure 37(a)(1)(2)(A) and 2(B).

Accordingly, it is respectfully requested that this Court enter in an Order Precluding claimant on the evidence, and striking the Objection to Confirmation and Opposition to Motion Objecting to Claim, with prejudice.

**POINT II**

**THE COURT SHOULD AWARD TO THE DEBTOR HER ATTORNEYS' FEES, COSTS AND DISBURSEMENTS OF THIS MOTION FOR CLAIMANT'S FAILURE TO RESPOND TO THE DEBTOR'S DISCOVERY REQUIREMENTS**

It is clear in the instant case that the debtor is entitled to an award of her attorneys's fees, costs and disbursement pursuant to Federal Rule of Civil Procedure 37(a)(4)(A) for the claimant's failure to respond to the debtor's legitimate requests for information necessitating the instant motion.  F.R.B.P. 7037; F.R.Civ.P. 37; In re Sparks Tune-up Centers, Inc., 1994 WL 188211 (D.Ct.N.D.Ill. 1994); In re Schick, 1997 WL 465217 (B.Ct.S.D.N.Y. 1997); In re Andover Togs, Inc., 231 B.R. 521 (B.Ct.S.D.N.Y. 1999); In re Chadborne Industries, Ltd., 71 B.R. 86 (B.Ct.S.D.N.Y. 1987).

Failure to cooperate during discovery will subject a party to sanctions under Fed.R.B.P. 7037 and F.R.Civ.P. 37.  Pursuant to F.R.Civ.P. 37(a), a party who can not obtain compliance by the other may file a motion seeking an Order to Compel or Preclude and for sanctions (to wit, attorneys' fees, costs and disbursements incurred to secure the compliance by the party of whom discovery is requested).  Federal Rule of Civil Procedure 37(a)(4) sets forth the vehicle for the award of sanctions against  the non-complying party.  Federal Rule of Civil

Procedure 37(a)(4) provides, in pertinent part, as follows:

>     (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees....

The Rule does not require that the party who engaged in the delay have intentionally refused to respond to the discovery request causing the filing of the Motion to Compel or Preclude and for Sanctions. In re Andover Togs, Inc., 231 B.R. 521 (B.Ct.S.D.N.Y. 1999). All that is required is that the party responsible to respond to the discovery request failed to do so. Id. It is clear from Andover Togs, Inc., that the mere negligence of a party to respond to the request is sufficient to require the award of sanctions under Federal Rule of Civil Procedure. 37(a)(4)(A). Sanctions, at the very least, include an award of debtor's costs, disbursements, and attorneys' fees incurred in preparing and prosecuting the Motion to Compel the turnover of information as well as the costs incurred to obtain the discovery itself. In re Sparks Tune-up Centers, Inc., 1994 WL 188211 (D.Ct.N.D.Ill. 1994). (See also, In re Schick, supra.; In re Andover, supra.; and In re Chadborne Industries, Ltd., supra.).

Accordingly, where a party simply unintentionally fails to respond causing the other party to incur costs, disbursements and attorneys' fees to secure compliance and obtain the requested information, the result is an award of sanctions including costs, disbursements and attorneys' fees to the moving party. Id. Thus, in the instant case the debtor is clearly entitled to her attorneys' fees, costs and disbursements for all the proceedings and preparation of all motions to secure the claimant's compliance herein. The debtor is also entitled to be reimbursed for any

cost incurred to obtain the requested information from the claimant. Id.

## **CONCLUSION**

Accordingly, for all of the foregoing reasons, the Court should grant the debtor's Motion; award to the debtor her attorneys' fees, costs and disbursements of this Motion and any cost associated with obtaining from the claimant the appropriate documentation; and grant to the debtor such other and further relief as to this Court seems proper.

Dated: Wappingers Falls, New York
      February 19, 2008

                                  GENOVA & MALIN
                                  Attorneys for the Debtor

                                  By:/s/Andrea B. Malin
                                  ANDREA B. MALIN(AM4464)
                                  Hampton Business Center
                                  1136 Route 9
                                  Wappingers Falls, NY 12590
                                  (845) 298-1600