*GREHER LAW OFFICES, P.C.*
*ATTORNEYS FOR DEBTOR*
*1161 LITTLE BRITAIN ROAD, SUITE B*
*NEW WINDSOR, NEW YORK  12553*
*(845) 567-1002*
*WARREN GREHER, ESQ.  (WG7174)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In Re:

**ANN-MARIE WESTRIDGE**

*Debtor*

-------------------------------------------------------------------x

*Case No.  07-35257  ( GCM)*

*Chapter 13*

# Defendant's Memorandum of Law
# On Damages

*WARREN GREHER, ESQ.  (7174WG)*
*GREHER LAW OFFICES, P.C.*
*Attorney for Debtor / Defendant*
*1161 Little Britain Road, Suite B*
*New Windsor, New York  12553*

Respondent is in general agreement with the debtor's recitation of the procedural history and will not, at this time, add to that procedural history.

The essential issue for this Court to determine in this instance is the amount of damages to be awarded the debtor, if any.

In this particular case, there is no testimony before the Court to justify an award of compensatory damages. Absent a finding of compensatory damages, the Court, however, can award the debtor her attorney's fees.

Defendant acknowledges that even if there are no compensatory damages, the Court may still award the debtor punitive damages. *In re: Seal, 192 B.R. 442, 456, (Bankr. W.D. Michigan, 1996); In re: Solfanelli, 230 B.R. 54, et al (M.D. Pa., 199).*

In determining the amount of punitive damages to be awarded, if any, for willful violation of the automatic stay, the Court must take into account the factors set forth in *In Re: Shade, 261 B.R. 213, 217 (Bankr. C.D. Ill., 201).*

The Court stated that

> ***"… factors to be considered for an award of punitive damages for a willful violation of the automatic stay include the following: the nature of the creditor's conduct, the nature and extent of the harm to debtor, the creditor's ability to pay damages, the level of sophistication of the creditor, the creditor's motives, and any provocation by the debtor…"***

The fact pattern of *Shade* is similar to the fact pattern here in the instant case except that there the defendant/creditor was a large corporation with *"deep pockets"*.

Using the standards set out in *Shade* the punitive damages, if any, should be minimal, not based upon any multiplier as suggested by the debtor.

## NATURE OF CREDITOR'S CONDUCT

The actions of the Fords, as determined by the Court are almost exactly as set forth in *Shade*. Here the respondent's denied any wrong-doing, but the Court determined otherwise. For the purposes of this hearing, the respondents concede the actions complained of to the extent that it is acknowledged that respondents went up to the debtor at a 341 meeting and engaged in inappropriate conversation.

## NATURE AND EXTENT TO THE HARM OF THE DEBTOR

In this case there is no testimony from the debtor that there was, in fact, any harm done to her and no compensatory damages were found. The Court in *In Re: Sumpter, 171 B.R., 835 (1994)* held

> *"…the amount of punitive damages awarded should be appropriately tempered by the debtor's lack of proof of actual damages. The creditor's failure to file a Section 362(d) should not allow the debtor to reap an inappropriate windfall award of punitive damages in light of the uncertain an unproven actual damages he sustained…"*

## CREDITOR'S ABILITY TO PAY DAMAGES

Steve Ford is a dairy farmer. His wife, Kathie works part-time at a pre-school. Steve Ford has a minority interest (30%) in Dean Ford & Sons Dairy Farms LLC and a minority interest (25%) in Farmstead Land Development, LLC. Both of those companies are family-owned businesses with the majority shareholders being Steven Ford's father, and other minority shareholders being his brothers.

The Ford's 2008 income tax return shows approximate total income of $130,000.00± including draws from the business, $19,000.00 ± interest from a mortgage held by them and approximately $3,000.00 salary from Kathie's pre-school employment.

They own their own home which has an approximate mortgage of $375,000.00. They own a half interest in a duplex in Westtown which breaks even. They are barely making ends meet with the decline in dairy prices.

The holdings of Mr. Ford in the family businesses are not liquid. They cannot be disposed of on the open market.

### LEVEL OF SOPHISTICATION OF THE CREDITOR

By no stretch of the imagination are the Ford's sophisticated creditors. They are hard-working individuals who lent a friend $50,000.00 only to have the friend turn her back on them and file bankruptcy.

The majority of the case is dealing with violation of the automatic stay and punitive damages. The creditors are banks, loan companies, finance companies, large corporations or other business entities with a degree of sophistication far greater than that of the Fords. They are simple people who over-reacted to a calamitous event, the loss of a $50,000.00 investment with the debtor. They never had prior contact with the Bankruptcy Court or the bankruptcy process and have had no contact since. They were clearly unaware of the consequences of their actions. Their lack of sophistication is further evidenced by the fact that they represented themselves before the Bankruptcy Court and did not consult any attorneys prior to engaging in the conduct complained of.

### MOTIVATION

The Ford's actions were motivated by anger. The testimony clearly showed their lack of sophistication when confronting the debtor in the Bankruptcy Court. They were confronted with a situation where they lost an amount of money equal to half of their yearly

income. They were scared. They were desperate. They were angry. They were lacking in knowledge as to how to properly proceed.

In Kathie Ford's instance, she wasn't even a creditor of the debtor, but merely the upset spouse of Steven Ford who saw their hard-working money go down the drain.

It is axiomatic that one of the principal reasons to assess punitive damages is so that it acts as a deterrent to future conduct on the part of the creditor. It is clear that as a result of what happened in this instance, the Court need not set a high amount of punitive damages to act as a deterrent. As of this point in time, coupled with the loss of their investment and their legal fees to date, they have lost over 2/3 of their yearly income. I think it is safe to say that they will have no further contact with the debtor nor any involvement with any bankruptcy in the future.

The general rule is that the amount of punitive damages must bear some reasonable relationship to the injury inflicted and it's cause. *In Re: Atlas Machine and Iron Works, Inc., 190 B.R. 796 (Bankr. E.D. Va 1995)* Under that standard and the applicable tests set forth in *Shade*, punitive damages, if any, in this particular case should be set at a minimal amount.

*Dated:* *Newburgh, New York*
*September 2, 2009*

*Respectfully submitted,*

*s/ Warren Greher*
*WARREN GREHER, ESQ. (7174WG)*
*GREHER LAW OFFICES, P.C.*
*Attorney for Debtor/Defendant*
*1161 Little Britain Road, Suite B*
*New Windsor, New York 12553*

STATE OF NEW YORK  )
COUNTY OF ORANGE   )  ss.:

I,  Nancy Castelli, being sworn, say:  I am not a party to the action, am over 18 years of age and reside at Newburgh, New York.

On **September 2, 2009**   I served the within   **MEMORANDUM OF LAW** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth after the name:

Michael Pinsky, Esq.
Hayward, Parker & O'Leary
225 Dolson Ave., Suite 303
P.O. Box 929
Middletown, NY 10940-0929

_____s/ Nancy Castelli_____
**Nancy Castelli**

Sworn to before me on
September 2, 2009

___s/ Warren Greher_____
Notary Public

Warren Greher
Notary Public, State of New York
No. 4625563
Qualified in Orange County
Commission Expires September 30, 2010