Hayward, Parker & O'Leary
Substitute Special Counsel for Debtor
225 Dolson Ave., Suite 303
Post Office Box 929
Middletown, New York 10940-0929
Tel. (845) 343-6227
Mike Pinsky, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

                                                    **CHAPTER 13**

ANN-MARIE WESTRIDGE,             **CASE NO. 07-35257 (CGM)**

               Debtor.
-------------------------------------------------------X

**JOINT PRETRIAL ORDER
FOR TRIAL ON DAMAGE ISSUES**

**I.    Procedural History:** By Order Granting Motion for Sanctions dated March 4, 2009 (the "Sanctions Order"), the Court held that (i) Steven Ford and Kathie Ford (the "Fords") had willfully violated the automatic stay, and (ii) that their conduct in violating the stay was so egregious as to warrant the imposition of punitive damages.

        In the Sanctions Order, the Court directed that counsel for movant and debtor Ann-Marie Westridge (the "Debtor"), Andrea B. Malin, Esq. and special counsel Mike Pinsky, Esq., submit affirmations regarding their attorneys fees' to date in the matter, and scheduled a separate evidentiary hearing on those fees (and any additional fees going forward) and to set the amount of punitive damages. Those affirmations were filed and served on April 28, 2009. This Joint Pretrial Order has been prepared and submitted to frame the facts, issues and law asserted by the parties as applicable to such evidentiary hearing, now scheduled for September 10, 2009.

1

**II.     Issues For Determination:**

1. What are the Debtor's reasonable attorneys' fees and disbursements incurred in connection with the bringing and prosecution of the motion for sanctions and the defense of the appeal from this Court's Sanctions Order to date?

2. What is the appropriate amount of punitive damages to award against the Fords pursuant to Bankruptcy Code § 362(k)?

Debtor's contentions:

1(a). That Andrea B. Malin of the firm of Genoa & Malin should be awarded $3,890.00 in fees and $60.68 in disbursements as a reasonable attorney's fee for her legal services in this matter through the date hereof.

1(b). That Mike Pinsky of the firm of Hayward, Parker & O'Leary should be awarded $9,700.00 in fees and $96.08 in disbursements as a reasonable attorney's fee for his legal services in this matter through September 8, 2009, plus such additional fees as may be awarded by the Court in connection with further proceedings herein and in connection with the appeal.

2. That the nature of the multiple violations of the automatic stay in this case, including the outrageous and extended confrontation immediately outside of the Court's creditors' meeting room, require an award of punitive damages that will serve to deter not only the Fords but also others from such conduct in the future. Given the Fords' substantial assets, as evidenced by their partnership tax returns, individual tax returns and otherwise, such an award should be a multiplier of the Debtor's attorneys' fees and disbursements in the high single digits.

Respondents' contentions:

1. There are no compensatory damages.

2. Punitive damages, if any, should be minimal based upon defendant's lack of sophistication and an ability to pay.

3. There is no need to set a high award of punitive damages as a deterrent to this creditor.

**III.** **Undisputed Facts:**

1. Steven Ford owns a 30% interest in Dean Ford & Sons Dairy Farm LLC ("Ford & Sons").

2. On its 2008 Form 1065 Report of Partnership Income, Ford & Sons reported to the IRS net farm profit and ordinary business income of $436,546.00 on gross revenues of $2,481,460.00.

3. On its 2008 Form 1065 Report of Partnership Income, Ford & Sons reported to the IRS that, before a non-cash section 179 expense deduction, Steven Ford earned partnership income of $130,964.00.

4. On its 2008 Form 1065 Report of Partnership Income, Ford & Sons reported to the IRS that Steven Ford took capital distributions or withdrawals from the partnership totaling $54,404.00.

5. On its 2008 Form 1065 Report of Partnership Income, Ford & Sons reported to the IRS that the year-end balance of Steven Ford's capital account was $41,967 after taking the above-mentioned distributions or withdrawals from his capital account of $54,404.00.

6. Steven Ford owns a 25% interest in Farmstead Land Development LLC ("Farmstead").

7. On its 2008 Form 1065 Report of Partnership Income, Farmstead reported to the IRS total assets of $1,620,169.00, liabilities of $1,026,270, and partners' capital of $593,899.00.

8. On its 2008 Form 1065 Report of Partnership Income, Farmstead reported to the IRS that the year-end balance of Steven Ford's capital account was $175,090.

9. On their 2008 Form 1040 Individual Income Tax Return, Steven Ford and Kathie Ford reported to the IRS $92,777 in farm income (after a $42,777.00 section 179 expense deduction from Steven Ford's 30% share of the net farming income of Ford & Sons), $19,700 in taxable interest, $2,409.00 in ordinary dividends, $3,327 in capital gains, $4,675.00 in wages and $247.00 in unemployment compensation. After a self-employment tax deduction and a domestic production activities deduction of for

Steven Ford's share of the farming activities of Ford & Sons, the Fords reported adjusted gross income of $111,477.00.

10. $19,616.00 of the $19,700.00 in interest that the Fords reported to the IRS in 2008 comes from a private mortgage that they hold on 188 Hortons Road in Westtown, New York.

11. On Schedule E to their 2008 Form 1040 Individual Income Tax Return, the Fords report to the IRS ownership of 50% of a residential duplex located in Westtown, NY.

12. The Fords own a home located at 27 Carter Road, New Hampton, NY 10958.

**IV.** **Contentions of Fact:**

A. Debtors' Contention of Fact:

1. Single family homes generally comparable to the Fords' home located at 27 Carter Road in New Hampton have sold recently for prices between $380,000.00 and $449,900.00.

B. Respondents' Contention of Fact:

**V.** **Issues of Law:**

By Debtor:

1. What are the Debtor's reasonable attorneys' fees and disbursements incurred in connection with the commencement and prosecution of the motion for sanctions and the defense of the appeal from this Court's Sanctions Order?

2. What amount of punitive damages should be awarded pursuant to Bankruptcy Code § 362(k) both to adequately punish the Fords for their conduct herein and to effectively deter both the Fords and other creditors from engaging in similar conduct in the future?

By Respondents:

1. Are punitive damages required under the facts and circumstances of this matter.

2. Do the debtor's have an ability to pay punitive damages.

**VI. <u>Separate Trial Of Issues</u>:** The parties maintain that there are no issues which should be tried separately.

**VII. <u>Related Motions</u>:**

The pending appeal on liability before the District Court, taken by the respondents.

**VIII. <u>Witnesses for the Debtor</u>:**

    A.    Kathleen T. Ford a/k/a Kathie Ford

    B.    Steven J. Ford

    C.    Real estate broker Janet Delgado

**IX. <u>Witnesses for Respondent</u>:**

    A.    Steven E Howell, CPA

    B.    Kathleen T. Ford a/k/a Kathie Ford

    C.    Steven J. Ford

The parties reserve the right to call as their witnesses any of the persons identified herein as witnesses for the debtor, the respondents and any other witnesses that may be necessary based on the direct testimony of the debtor, respondents or witnesses of the debtor or respondents.

**X. <u>Experts:</u>**

    None.

**XI.** **Exhibits:** The parties stipulate to the authenticity entered as evidence of the following exhibits:

A. The debtor's exhibits are as follows:

| Trial Exhibit: | Description |
|---|---|
| Debtor's Exhibit 1: | 2008 Form 1065 Report of Partnership Income for Dean Ford & Sons Dairy Farm LLC. |
| Debtor's Exhibit 2: | 2008 Form 1065 Report of Partnership Income of Farmstead Land Development LLC. |
| Debtor's Exhibit 3: | 2008 Form 1040 Individual Income Tax Return for Steven J. Ford and Kathleen T. Ford. |
| Debtor's Exhibit 4: | Comparative Market Analysis for 27 Carter Road, New Hampton, New York 10958. |
| Debtor's Exhibit 5 | Mortgage statement(s) for 27 Carter Road, New Hampton, New York 10958 showing the total amount due thereon. |
| Debtor's Exhibit 6: | Time Records and Disbursements sheets for Andrea B. Malin, Esq. and the firm of Genova & Malin with regard to the time and expenses incurred in the filing and prosecution of the instant motion for sanctions. |
| Debtor's Exhibit 7: | Time Records and Disbursements sheets for Mike Pinsky, Esq. and the firm of Hayward, Parker & O'Leary with regard to the time and expenses incurred in the filing and prosecution of the instant motion and the defense of the appeal from the Sanctions Order. |

B: The Respondents proposed Exhibits are as follows:

Trial Exhibit:                          Description

Respondents adopt the debtor's exhibits.

**XII.** **Requested Evidentiary Rulings:**

A. By Debtor:

None.

B: By Respondents:

None.

**XIII. Trial Counsel:**

    A.    Trial Counsel for the Debtor:    Mike Pinsky, Esq.
                                                                     Hayward, Parker & O'Leary
                                                                     225 Dolson Ave., Suite 303
                                                                     Middletown, NY 10940
                                                                     845-343-6227

    B.    Trial Counsel for Respondents:    Warren Greher, Esq.
                                                                     Greher Law Offices, P.C.
                                                                     1161 Little Britain Road, Suite B
                                                                     New Windsor, NY 12553
                                                                     845-567-1002

**XIV. Estimated Time of Trial:**    One day.

**XV. Trial Date:**    September 10, 2009 at 9:30 a.m.

**XVI Memorandum of Law:**

    For Debtor:    A Memorandum of Law with respect to the damage issues before the Court has been filed.

    For Respondents:    A Memorandum of Law with respect to the damage issues before the Court has been filed.

**XVII. Proposed Findings of Fact and Conclusions of Law:**

**Findings Of Fact:**

    A.    For Debtor:

1. On a conservative basis, Steven Ford's net worth attributable to (i) his 30% interest in Dean Ford & Son's Dairy Farm LLC; and (ii) his 25% interest in Farmstead Land Development LLC, exceeds $225,000.00.

2. In 2008, without accounting for a $42,777.00 non-cash tax deduction allowed for his share of farming operations at Dean Ford & Sons Dairy Farm, LLC, Steven Ford's cash compensation reported to the IRS from that business was $130,964.00.

3. In 2008, in addition to his $130,964.00 in cash compensation from Dean Ford & Sons Dairy Farm, LLC, Steven Ford also took $54,404 in capital withdrawals or distributions from that business.

4. Steven Ford and Kathleen a/k/a Kathie Ford own a note and mortgage from William Grace, Jr. and reported to the IRS receiving $19,616 in interest payments thereon in 2008.

5. Steven Ford and Kathleen a/k/a Kathie Ford own a 50% interest in a duplex located in Westtown, New York.

6. Steven Ford and Kathleen a/k/a Kathie Ford own a home located at 27 Carter Road, New Hampton, New York 10958.

7. Based upon recent sales of comparable properties, the approximate value of the Fords' home at 27 Carter Road is between $380,000.00 and $449,000.00.

8. The total amount owed in mortgage debt against the Fords' home at 27 Carter Road is approximately $_____.

9. Through September 8, 2009 in this case, the Debtor has incurred attorneys' fees in the sum of $13,590.00 in the prosecution of this motion and the defense of the appeal from the Sanctions Order.

10. The Debtor has incurred attorneys fees in the continued prosecution of this motion at the evidentiary hearing on damages in the further amount of $_____.

11. The Debtor has incurred costs and disbursements in the sum of $156.76 in the prosecution of this motion and the defense of the appeal from the Sanctions Order.

**Conclusions Of Law:**

    A.    <u>For the Debtor:</u>

    1.    In light of the respondents' egregious misconduct in this case, their substantial holdings and income and therefore their ability to pay, their relative sophistication, their bad-faith motivation to exact payment in repeated, intentional violation of the automatic stay as evidenced at the evidentiary hearing held February 20, 2009, and given the complete absence of any provocation by the Debtor, punitive damages in the amount of $_____ shall be awarded against Steven J. Ford and Kathleen T. Ford a/k/a Kathie Ford, jointly and severally, so as to effectively punish them for their actions, and to deter not only the respondents herein but also others from engaging in similar conduct in the future.

    2.    Mike Pinsky, Esq., of the firm of Hayward, Parker & O'Leary shall be allowed the sum of $_____ in reasonable attorneys' fees and $_____ in disbursements in connection with the prosecution of this matter and the defense of the appeal from the Sanctions Order to date, and that sum shall be paid directly to Hayward, Parker & O'Leary by Steven J. Ford and Kathleen T. Ford a/k/a Kathie Ford, each of whom shall be jointly and severally liable for payment of the same.

    3.    Andrea B. Malin, Esq., of the firm of Genova & Malin shall be allowed the sum of $_____ in reasonable attorneys' fees and $_____ in disbursements in connection with the commencement and prosecution of this matter to date, and that sum shall be paid directly to Genova & Malin by Steven J. Ford and Kathleen T. Ford a/k/a Kathie Ford, each of whom shall be jointly and severally liable for payment of the same.

**Findings Of Fact:**

    B.    <u>For the Respondents:</u>

    1.    Steven Ford has a 30% minority interest in Dean Ford & Sons Dairy Farm, LLC.

2. Steven Ford has a 25% minority interest in Farmstead Land Development, LLC.

3. Neither interest is transferable and has no value on the open market.

4. In 2008, Steven Ford had income from Dean Ford & Sons Dairy Farm LLC of $54,404.

5. In 2008, Steven Ford and Kathie Ford had interest income of $19,616.

6. In 2008 Kathie Ford had separate income of approximately $3,000.

7. Steven and Kathie Ford are a 50% owner of a duplex in Westtown.

8. The duplex in Westtown breaks even and does not generate any excess income for the Fords.

9. Steve and Katie Ford are at home at 27 Carter Road, New Hampton, New York.

10. The value of said home is $

11. The outstanding balance on the Ford's mortgage is $

12. The Fords are entitled to a homestead exemption of $50,000 each.

**Conclusions Of Law:**

B. <u>For the Respondents:</u>

Based upon the facts and circumstances of this case, the respondent's inability to pay, the respondent's lack of sophistication, the need of deterrent against the respondents and other creditors, the Court determines that there should not be an award of punitive damages in this matter and that the amount of attorney's fees due Michael Pinsky shall be $             and to Andrea Malin shall be $

**XVIII. Miscellaneous:**

None.

**XIX. Modification of Order:** It is further ordered that the Court may, in order to prevent manifest injustice or for good cause shown at the trial of the action or prior thereto upon application of counsel from either party made in good faith or upon motion of the Court modify this pre-trial order upon such conditions as that Court may deem just and proper.

Dated: Poughkeepsie, New York
September 10, 2009

/s/ Cecelia Morris
CECELIA G. MORRIS
U.S. Bankruptcy Judge

**APPROVED AS TO FORM AND SUBSTANCE:**

Hayward, Parker & O'Leary

/s/ Mike Pinsky
By: Mike Pinsky, Esq.

Greher Law Offices, P.C.

/s/ Warren Greher
By: Warren Greher, Esq.